IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# EASTERN DIVISION.

---

KNOXVILLE, SEPTEMBER TERM, 1890.

---

RAILWAY COMPANY *v.* ARNOLD.

(*Knoxville.* September 13, 1890.)

DEPOSITIONS. *Defective certificate.*

Certificate to deposition is fatally defective which shows that the deposition was reduced to writing, not by the witness or the officer taking it, but by some third person under the officer's direction.

Code construed: § 4602 (M. & V.); § 3848 (T. & S.).

---

FROM KNOX.

---

Appeal in error from Circuit Court of Knox County.  S. T. LOGAN, J.

(107)

Railway Company *v.* Arnold.

W. M. BAXTER and HENDERSON & JOUROLMON for Railway Company.

JAMES COMFORT and L. H. SPILMAN for Arnold.

TURNEY, Ch. J. The deposition of C. J. Pierson was objected to because of a defective certificate.

The objection was well taken, and the Court erred in overruling it. The objectionable part is: "The foregoing deposition was taken before me, as stated, and reduced to writing by A. S. Dickey by my direction."

Our statute (M. & V. Code, § 4602) requires that the "certificate shall be substantially," etc., "and reduced to writing by me (or by the witness)."

The policy of the law is that one in nowise interested shall do the writing. That one is presumed to undertake to write the language of the witness without any desire or purpose to give coloring one way or the other to the meaning of the witness, and must certify that he "is not interested in the cause, nor of kin or counsel to either of the parties."

The reduction to writing by Dickey is not a compliance with the statute. The Commissioner's certificate that he is not of kin or counsel does not exclude the possibility that Dickey may have occupied one or both relations.

The law as written will, as a rule, give the

testimony in its purity to the Court trying the case. To enlarge its construction by permitting the officer before whom the deposition is taken to direct or employ another to write the answers, will always endanger, and sometimes pervert, the truth.

Reverse and remand.